J-S01008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CALVIN JAMAR HILL-GAMBLE | : | |
| | : | |
| Appellant | : | No. 678 MDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005209-2014

BEFORE:   GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED JANUARY 27, 2017**

Appellant, Calvin Jamar Hill-Gamble, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial convictions of three counts of firearms not to be carried without a license, and one count each of persons not to possess firearms, receiving stolen property, possessing instruments of crime, possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[1]  We affirm.

In its opinions, the trial court fully and correctly sets for the relevant facts and procedural history of this case.  Therefore, we have no reason to

---

[1] 18 Pa.C.S.A. §§ 6106(a)(1), 6105(a)(1), 3925(a), 907(a), 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

restate them.

Appellant raises the following issues for our review:

> DID NOT THE COURT ERR IN DENYING [APPELLANT'S] MOTION TO SUPPRESS THE SEARCH AND SEIZURE OF [APPELLANT'S] CELL PHONE RECORDS AND THE SEARCH OF THE CONTENTS OF [APPELLANT'S] CELL PHONE SEIZED BY POLICE INCIDENT TO [APPELLANT'S] ARREST?
>
> DID NOT THE [TRIAL] COURT ABUSE ITS DISCRETION BY FAILING TO GRANT [APPELLANT] A NEW TRIAL ON THE BASIS THAT THE GUILTY VERDICTS WERE AGAINST THE WEIGHT OF THE EVIDENCE?
>
> WAS THE IMPOSITION OF FOUR CONSECUTIVE SENTENCES, RESULTING IN AN AGGREGATE SENTENCE OF [TEN] TO [TWENTY] YEARS, CLEARLY UNREASONABLE, SO MANIFESTLY EXCESSIVE AS TO CONSTITUTE AN ABUSE OF DISCRETION, AND INCONSISTENT WITH THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSES, AND [APPELLANT'S] REHABILITATIVE NEEDS?

(Appellant's Brief at 7).

Our standard of review of the denial of a motion to suppress evidence is as follows:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where…the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are

not binding on [the] appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial court are] subject to…plenary review.

***Commonwealth v. Hoppert***, 39 A.3d 358, 361-62 (Pa.Super. 2012), *appeal denied*, 618 Pa. 684, 57 A.3d 68 (2012).

Additionally, the standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the [trial] court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Deborah E. Curcillo, we conclude Appellant's issues on appeal merit no relief. The trial court opinions fully discuss and properly dispose of the questions presented. (**See** Opinion in Support of Denial of Motion for New Trial, filed February 29, 2016, at 1-4, and Trial Court Opinion, filed July 11, 2016, at 3-5, 8-9)

(finding: **(1)** search of Galaxy S5 cellphone left in car on August 22, 2014, uncovered cellphone's registered phone number, and subsequent police investigation revealed that registered phone number was transferred to another phone on August 23, 2014; after police arrested Appellant, police recovered Galaxy S3 cellphone from Appellant's person; Appellant's mother subsequently confirmed Appellant's Galaxy S3 phone number was same number associated with Galaxy S5 cellphone seized from vehicle; in light of fact that Appellant was registered owner of vehicle and Officer Corby recognized Appellant as passenger in vehicle stopped on August 22, 2014, this information was sufficient to warrant person of reasonable caution to believe search of Galaxy S3 cellphone should be conducted; further, Officer Corby recovered Galaxy S5 cellphone in close proximity to numerous items of drug-related contraband; based on his eight years of experience as police officer, Officer Corby knew it was commonplace for drug dealers to arrange drug transactions via text message and cellphone calls; because Galaxy S3 and Galaxy S5 cellphones had identical phone numbers, there was fair probability that police would find contraband or evidence of crime on Galaxy S3 cellphone; thus, court properly concluded probable cause existed to warrant search of Galaxy S3 cellphone; **(2)** Officer Corby ran vehicle's license plate during early morning hours of August 22, 2014, and determined vehicle's registration was expired; Officer Corby activated lights and sirens, and vehicle eventually stopped in apartment complex about one

mile from where Officer Corby first initiated traffic stop; when vehicle stopped, all three occupants attempted to escape; while Officer Corby was able to apprehend driver, other two passengers escaped; nevertheless, Officer Corby observed both passengers who fled scene during incident; Officer Corby believed Appellant resembled one of passengers who fled; significantly, Appellant's half-sister lives in apartment complex where vehicle stopped on August 22, 2014, and eyewitness testified she saw Appellant's half-sister and her mother talking to man matching Officer Corby's description of Appellant on night of incident; further, police seized two cellphones during investigation, both of which connected Appellant to criminal contraband found in car after traffic stop; Appellant testified he was not one of passengers who fled on August 22, 2014, because his co-defendant had dropped him off at home prior to traffic stop; despite Appellant's insistence that he was not in vehicle at time of stop, Appellant admitted his involvement in certain criminal activity around time of incident; in light of this evidence, jury's guilty verdict does not shock one's sense of justice; **(3)** jury convicted Appellant of numerous drug and firearm-related offenses, including receiving stolen property, possessing instruments of crime, and possession of controlled substance; on March 22, 2016, court held resentencing hearing to adequately explain its imposition of four consecutive terms of imprisonment; at resentencing hearing, court noted Appellant's dual behavior; on one hand, Appellant was articulate and

compliant with his federal probation and parole requirements; on other hand, Appellant repeatedly used his mind for criminal activity, which culminated in Appellant's October 28, 2015 conviction of numerous drug and firearm-related offenses; under these circumstances, it was within court's discretion to impose aggregate term of ten to twenty years' imprisonment especially in light of nature of offenses and Appellant's criminal history). Accordingly, we affirm on the basis of the trial court opinions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017